IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| MICHAEL MAX MILLER, | Cause No. CV 13-0004-H-DLC-RKS |
|---|---|
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| LINDA MOODRY, ROXANNE WIGERT, CANDICE NEUBAUR, and LEROY KIRKEGARD, | |
| Defendants. | |

## SYNOPSIS

Plaintiff Michael Miller alleges Defendants violated his rights by denying him an out-of-state transfer and due process hearing because he is appealing his criminal conviction. Mr. Miller does not have a constitutional right to a transfer. The Complaint fails to state a federal claim and should be dismissed.

## JURISDICTION

Mr. Miller filed this action in federal court. CD 2. The Court has personal jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint may attempt to allege a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28

1

U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana L. Christensen, United States District Court Judge, and referred to this Court in compliance with Local Rule 73.1(a)(1).

## STATUS

Mr. Miller is a prisoner proceeding in forma pauperis. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915, 1915A. If so, the Complaint must be dismissed. 28 U.S.C. § 1915A(b). This is the review.

## STANDARDS

**A. Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded.

Id. at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal for failure to state a claim. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Leave to amend

The court liberally construes pro se pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v. Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

### C. 42 U.S.C. § 1983

To state a claim for a due process violation, a plaintiff must allege: (1) a protected liberty interest, and (2) that he was deprived of that interest without

3

adequate due process. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1989). If there is no liberty interest at stake, the Constitution does not require any process, and the second element becomes irrelevant. See, e.g., Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

"It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). Prisoners have no constitutional right to incarceration in a particular institution. Olim v. Wakinekona, 461 U.S. 238, 244–48 (1983); Meachum, 427 U.S. at 224–25 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction such that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 224–25) (intrastate prison transfer does not implicate Due Process Clause), and Olim, 461 U.S. at 244–48 (interstate prison transfer does not implicate Due Process Clause). A failure to follow prison procedures does not, in and of itself, give rise to a liberty interest. Sandin v. Conner, 515 U.S. 472, 483 (1995).

Inmates have a constitutional right of access to the courts limited to the

filing of direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 346, 354 (1996) (citing Bounds v. Smith, 430 U.S. 817, 821 (1977)). A plaintiff alleging denial of access to the courts must allege an actual injury which is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348, 351.

"[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). A plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

**FACTUAL ALLEGATIONS**

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions, however, are disregarded.

Mr. Miller has been denied an out-of-state transfer and due process hearings regarding such a transfer since June 2008. Defendant Linda Moodry told Mr. Miller that he could not be transferred because he had appeals to his conviction pending in court. He asked to see the rules regarding out-of-state transfers, but none were provided. CD 2, pp. 8-9. Ms. Moodry informed Mr. Miller that he needed one year of clear conduct before his transfer could be considered by "administrative review." Mr. Miller achieved a year and a half of clear conduct and then waited two months for Ms. Moodry to respond to his letters. Ms. Moodry eventually did send Mr. Miller's paperwork to "administrative review." He was then told that he needed two years of clear conduct and had to have all of his appeals, both state and federal, completed. CD 2, p. 9.

Mr. Miller believes he meets the criteria for an out-of-state transfer except that he is appealing his criminal case. He has completed his state direct appeals but filed a federal petition for writ of habeas corpus after he filed this case. CD 2, p. 8.

Mr. Miller alleges that Defendants' failure to provide him with a hearing regarding transfer deprives him of due process. He appears to allege that refusal to grant him a transfer because he has pending lawsuits constitutes retaliation, in violation of the First Amendment of the United States Constitution, and deprives

him of meaningful access to the courts.

## ANALYSIS

Mr. Miller contends that he has been denied due process in violation of the Fourteenth Amendment of the United States Constitution because he has not been granted an out-of-state transfer, he has not received a hearing to determine whether he could be transferred, he was not advised of the rules or requirements for obtaining an out-of-state transfer, and Defendants violated prison policies. Mr. Miller cannot establish any due process claims regarding his requested transfer because he does not have a liberty interest in being placed in any particular correctional institution. Olim, 461 U.S. at 238, 244–48; Meachum, 427 U.S. at 224–25 (1976). Even if Defendants failed to follow prison policies regarding his out-of-state transfer, that does not give rise to a liberty interest. Sandin, 515 U.S. at 483. Because Mr. Miller does not have a liberty interest in being given an out-of-state transfer, he was not entitled to a hearing or other procedural protections. Mr. Miller's due process claims fail as a matter of law.

Mr. Miller next alleges he has been denied access to the courts. However, Mr. Miller specifically alleges that he has completed his state appeals of his criminal conviction and has now filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. CD 2, p. 8. He has not alleged that he has been unable to pursue a

7

challenge to his conviction because of the prison's policies. Mr. Miller impliedly alleges that the prison policy compels him to forego legal action for the sake of an out-of-state transfer. However, Mr. Miller's own allegations make it clear that he has not foregone legal actions. To the extent that results in him losing the chance for a transfer, it does not entitle him to relief since he has not protected interest in a transfer. Mr. Miller's access-to-the-courts allegation fails as a matter of law.

Mr. Miller's retaliation claim also fails. Mr. Miller alleges the rule requiring completion of criminal appeals before transfer is a prison policy. Thus, based on his own allegations, the denial of transfer was not retaliatory. Secondly, Mr. Miller has not plausibly alleged that this prison policy has chilled or will chill Mr. Miller's exercise of his First Amendment rights. Mr. Miller is unlikely to forego a chance to challenge his conviction just to gain an out-of-state transfer. Lastly, there is an obvious legitimate correctional goal associated with this policy: The prison is clearly trying to avoid the expense of transporting prisoners from other states to Montana court proceedings. Mr. Miller's retaliation claim fails as a matter of law. Rhodes, 408 F.3d at 568.

**CONCLUSION**

Mr. Miller has failed to state a federal claim for relief against Defendants. These are not defects which could be cured by further amendments, as it is clear

his claims fail as a matter of law. The case should be dismissed.

### "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Mr. Miller has failed to state a claim upon which relief may be granted. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

### Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> > (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good

faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Miller has failed to state a claim is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**Address Change**

At all times during the pendency of this action, Mr. Miller SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. This matter should be dismissed with prejudice. The Clerk of Court should be directed to close the case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  Mr. Miller failed to state a claim upon which relief could be granted.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain this action lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Miller may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Miller files objections, he must itemize each factual finding to which objection is made and identify the evidence in the record relied on to contradict that finding.  In addition, he must itemize each recommendation to which objection is made and set forth the authority relied on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Miller from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of April, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge