IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL MAX MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>LINDA MOODRY, ROXANNE WIGERT, CANDICE NEUBAUR, and LEROY KIRKEGARD,<br><br>Defendants. | CV 13–04–H–DLC-RKS<br><br>ORDER<br><br>**FILED**<br>MAY 15 2013<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

United States Magistrate Judge Keith Strong entered Findings and Recommendation on April 1, 2013, and recommended dismissing this matter with prejudice. Plaintiff did not timely object to the Findings and Recommendation, and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Mr. Miller contends that he has been denied due process in violation of the

-1-

Fourteenth Amendment of the United States Constitution because he has not been granted an out-of-state transfer; he has not received a hearing to determine whether he could be transferred; he was not advised of the rules or requirements for obtaining an out-of-state transfer; and Defendants violated prison policies. Judge Strong found that Miller cannot establish any due process claims regarding his requested transfer because he does not have a liberty interest in being placed in any particular correctional institution. The due process claims fail as a matter of law. Further Judge Strong states that Miller's own allegations make it clear that he has not foregone legal actions, and even so, he does not have a protected interest in a transfer. Also, Miller's retaliation claim fails as a matter of law. After a review of Judge Strong's Findings and Recommendation, I find no clear error. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendation (doc. 6) are adopted in full. This matter is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Miller failed to state a claim upon

which relief may be granted.

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain this action lacks arguable substance in law or fact.

DATED this 15th day of May, 2013.

Dana L. Christensen, Chief Judge
United States District Court